DOCTORS HOSPITAL, INC., Plaintiff,

v.

Luis SILVA–RECIO, Secretary of Labor of the Commonwealth of Puerto Rico, Defendant.

HOSPITAL SAGRADO CORAZON, INC., Plaintiff,

v.

Luis SILVA–RECIO, Secretary of Labor of the Commonwealth of Puerto Rico, Defendant.

Luis SILVA–RECIO, Secretary of Labor in representation and for the benefit of Juana Archilla and 103 other employees, Plaintiff,

v.

HOSPITAL HERMANOS MELENDEZ, INC., Defendant.

Civ. Nos. 74–241, 75–622 and 75–492.

United States District Court, D. Puerto Rico.

Oct. 6, 1975.

Fiddler, González & Rodríguez, San Juan, P. R., for plaintiffs.

Arturo Díaz, San Juan, P. R., for the Dept. of Justice, Commonwealth of Puerto Rico.

## OPINION AND ORDER

TORRUELLA, District Judge.

Article VI, Clause 2 of the Constitution of the United States establishes that where there is a conflict between a federal and a state law, or a conflict between a federal law and the application of a valid state enactment, the federal law shall prevail.

It is alleged in this case that Article V of Mandatory Decree No. 4 of the Minimum Wage Board of Puerto Rico (29 PR Rules and Regulations, 245n–51 et seq.)[1] which establishes a minimum weekly guaranteed compensation, is in conflict with the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. which sets standards for the payment of minimum wages and overtime compensation in certain industries engaged in interstate commerce. In its section 18, 29 U.S.C. § 218, said Act permits the various States to adopt higher minimum wages and/or shorter minimum work weeks than those established by the Act. Said Statute does not contain any provision concerning a minimum weekly guaranteed compensation for employees.

It is axiomatic that a federal law substitutes a state law when the state law is in conflict with the federal law. (*Huron Portland Cement Co. v. Detroit*, 362 U.S. 440, 80 S.Ct. 813, 4 L.Ed.2d 852; *Pueblo v. Burgos*, 75 P.R.R. 517). However, the conflict between the two laws must be positive and direct in order to make the coexistence of the two laws an impossibility. (*Kelly v. Washington*, 302 U.S. 1, 58 S.Ct. 87, 82 L.Ed. 3). Unless there is a specific prohibition in the federal law, a state law which

---

1. This regulation is enacted pursuant to 29 LPRA 246–X(b).

complements the federal law is valid. (*Puerto Rico v. Shell Co.*, 302 U.S. 253, 58 S.Ct. 167, 82 L.Ed. 235; *Chabrán v. Bull Insular Line*, 69 P.R.R. 250).

■ To determine whether a state law is in conflict with a federal law which regulates the same field it is necessary that the state law in its application contravene federal public policy or cause different results or consequences. *Luce & Co. v. Minimum Wage Board*, 62 P.R.R. 431; *Bordas & Co. v. Secretario de Agricultura*, 87 P.R.R. 506; *Puerto Rico v. Shell Co.*, 302 U.S. 253, 58 S.Ct. 167, 82 L.Ed. 235 (1937); *Savage v. Jones*, 225 U.S. 501, 32 S.Ct. 715, 56 L.Ed. 1182 (1912); *Kelly v. Washington*, 302 U.S. 1, 58 S.Ct. 87, 82 L.Ed. 3 (1937); *Dickson v. Uhlmann Grain Co.*, 288 U.S. 188, 53 S.Ct. 362, 77 L.Ed. 691 (1933). *Mintz v. Baldwin*, 289 U.S. 346, 53 S.Ct. 611, 77 L.Ed. 1245 (1933).

■ Judged by these standards we fail to see a conflict between the Statute and Regulation in question.

Article V of Decree No. 4, Regulating the Hospital Clinical or Sanatorial Industry, supra, reads as follows:

"Minimum Weekly Compensation Guaranty"

"A—Every employee, who after having worked fifteen (15) days for an employer, works thirty hours or more a week, but less than forty-eight hours even though he is available for work, shall be entitled, except in cases of acts of God, *to a weekly wage* not lower than that found by multiplying the rate per hour he is receiving by forty-four." (Emphasis supplied).

This article guarantees the employees of the Hospital Industry a *minimum weekly income*.

The Regulation establishes a computing formula, a unit of measure for paying hours worked, based on a 44 hour work week to determine the *rate of pay* applicable per hour in the computation of the compensation sought.

Thus what is at issue under the disposition of Article V of Mandatory Decree No. 4 is a guaranteed minimum weekly compensation, not a minimum work week for overtime purposes as contained in the Federal Statute. The Decree does not set a work week that is higher than the Federal 40-hour standard, but rather it guarantees a specific hourly rate to those who work less than a specified number of weekly hours.

Article V is complementary to the federal law in that in effect it establishes a higher rate per hour (i. e., a higher minimum) for persons that meet the conditions of the Decree, a situation which is clearly within the scope of Section 18 of the Act. To this effect, the Supreme Court of Puerto Rico said in the case of *Chabrán v. Bull Insular Line*, 1948, 69 P.R.R. 250:

"There being *no specific prohibition* in the Federal Fair Labor Standard Act of 1938, 29 U.S.C.A. Section 201 et seq., against a local wage and hour Act, *a statute such as our Act No. 49 of 1935 (p. 539 Supplementing the Federal Act is valid provided it is not in substantial conflict with the Federal Act; i. e. it must not stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress in its Federal Act, and there is no such conflict here."* (Emphasis supplied).

Under the Fair Labor Standards Act:

"Congress did not intend to lower any of labor standards existing in the several states when they happen to be higher than minimum standards established by [this chapter] for all of the states. *Divine v. Levy*, D.C.La.1940, 36 F.Supp. 55."

We thus hold that the alleged conflict between the Federal and State legislation does not exist.

The Clerk shall enter judgment according to this Opinion and Order.

IT IS SO ORDERED.